CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
January 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:22-cr-00002 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MATTHEW FOLTZ | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Pending before the court is Matthew Foltz's pro se motion for relief pursuant to 28 U.S.C. § 2255. (Dkt. No. 30.) The United States has responded and also moves to dismiss the § 2255 motion. (Dkt. No. 40.) Foltz was given an opportunity to respond, but he has not filed anything else in the case. For the reasons stated below, the court will deny Foltz's § 2255 motion and decline to issue a certificate of appealability. As discussed herein, Foltz's motion is untimely and, in any event, it is barred by the waiver in his plea agreement. Even if it were properly before the court, his sole claim fails on its merits.

I. BACKGROUND

On January 24, 2022, Foltz pled guilty to a one-count information charging him with a violation of 18 U.S.C. § 2422(a), which, as relevant here, makes it a felony to "knowingly persuade[], induce[], entice[], or coerce[]" a minor to travel in interstate commerce to engage in sexual activity or to attempt to do so. (Dkt. Nos. 3, 15–16 22–23.) His plea was pursuant to Rule 11(c)(1)(C), and he and the United States agreed to a binding sentencing range of 60 to 120 months' imprisonment.

According to the written factual basis for his plea, these are some of the admitted facts that support his conviction:

> In August of 2019, a law enforcement officer in Christiansburg, Virginia, acted in an undercover capacity and portrayed herself as a

> 13-year-old girl living in Roanoke, Virginia, on a social networking application called Whisper. . . .
>
> A Whisper user with the screen name Macabre_return engaged in a two-week continuous conversation or "chat" *with the person he believed to be a 13-year-old girl*. Macabre_return identified himself in the conversations as ''Michael Halliburton" and engaged in sexually explicit chats *with a Whisper user he believed to be a 13-year-old girl*. Multiple times, Macabre_return discussed his desire to impregnate the girl and teach her how to please him sexually. Macabre_return made plans with the 13-year-old girl for him to fly to Virginia to then drive the girl back to his home in Ohio. The chats explained that once in Ohio, Macabre_return planned to impregnate the girl and hide her from her family in his home. Macabre_return also explicitly stated that the girl was not too young but that he liked her age.
>
> A subpoena to Whisper showed that the IP address used by Macabre_return was attached to a residence in Cleveland, Ohio and a commercial framing company. During a knock and talk at the residence, FOLTZ admitted to using Whisper, to his two-week chat with a 13-year-old girl, and his employment at the framing company. Pursuant to a consent search of his phone, law enforcement also found a photograph FOLTZ had sent to the undercover [officer] purporting to be Michael Halliburton.

(Dkt. No. 23 (emphasis added).) Foltz and his counsel both signed the document setting forth these facts, stipulating that the facts were "true and accurate" and that the United States would have proved them beyond a reasonable doubt at trial. (*Id.* at 3.) Additionally, when he pled guilty, the court gave him an opportunity to review the signed statement of facts, and he reviewed it during the hearing. (Plea Hr'g Tr. 22–23, Dkt. No. 36.) After he reviewed it and while still under oath, he told the court there was nothing in the statement with which he disagreed. That would include the statements emphasized above that he believed the person he was communicating with was a 13-year-old girl.[1]

---

[1] As discussed herein, Foltz claims in his § 2255 motion that he never believed the person was an underage female, and he was merely "trolling" the person he believed to be impersonating an under-age female.

Foltz's plea agreement contained a waiver of his right to collaterally attack his conviction, "except for an appeal . . . on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel." (Plea Agreement 7, Dkt. No. 22.) The court asked Foltz at his guilty plea hearing whether he understood that he was waiving his right to file a collateral attack, and he told the court that he understood and that he still wanted to plead guilty, even knowing he was giving up this "valuable right[]." (Plea Hr'g Tr. 21–22.)

On April 25, 2022, the court sentenced Foltz to sixty months' imprisonment—the lowest end of the binding guideline range—to be followed by a five-year supervised release term. (Dkt. No. 28.) Judgment was entered on May 12, 2022. (*Id.*) Foltz executed his *pro se* § 2255 motion on June 19, 2023.

Foltz's motion is written in a narrative format and does not separately list his claims. The United States interprets it as asserting a single claim: that the "new standards" set by *Ruan v. United States*, 142 S. Ct. 2370 (2022), mean that he did not have the required mens rea for the offense. Foltz has not responded to dispute that characterization, and the court does not see any other obvious legal claims in his filing. Thus, the court will treat his motion as asserting that same claim.

In support of his claim, Foltz contends that he was simply "trolling" a chat group on the anonymous texting application, Whisper, when he joined it. (§ 2255 Mot. 2, Dkt. No. 30.) Although he admitted that he engaged in a two-week text conversation with someone going by the name of "Courtney"—a law enforcement agent posing as a thirteen-year-old girl—he points out that the person's profile information indicated that she was 18–20 years old and that the anonymous messaging application he was using was advertised as being an "18+ chat group." (*Id.*) He further alleges that, at the time he was conversing with "Courtney," he did not believe

3

she was 13 years old; instead, he believed this was a person pretending to be an underage female. He insists that he was merely "trolling" the person throughout their conversation, including when they made plans for him to fly to Roanoke, Virginia, to meet her and to return to Ohio with her in a rented vehicle. (*Id.* at 2–3.) He claims that he had no intent of actually flying to Roanoke to meet with her, and he sent her a picture of a falsified airplane ticket; he did not actually ever purchase a plane ticket to travel to Virginia. (*Id.* at 2–3.) Foltz argues that these facts collectively establish that he did not have a knowing intent to travel or to have anyone travel to him and thus that he did not have the required mens rea for the offense. (*Id.* at 7.)

## II. ANALYSIS

### A. Section 2255

Under 28 U.S.C. § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *See United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). The record in this case conclusively establishes that Foltz is not entitled to relief, so the court addresses his motion without an evidentiary hearing.

### B. Foltz's Motion Is Time-Barred.

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section.'" *Dodd v. United States*, 545 U.S. 353, 354 (2005) (quoting 28 U.S.C. § 2255(f)). That period runs from "the latest of" the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The court entered the judgment of conviction against Foltz on May 12, 2022, and Foltz did not appeal. Thus, his judgment became final when the deadline for appealing passed, on May 26, 2022. Fed. R. App. P. 4(b)(1)(A) (providing a fourteen-day deadline from the entry of judgment for appealing from a criminal judgment). Foltz signed his § 2255 motion on June 19, 2023, and that is the earliest date it could have been submitted for filing. (§ 2255 Mot. 7.) Thus, it is not timely under § 2255(f)(1).[2]

---

[2] Foltz actually mailed the motion three times, so his mailing date the third time—when it was sent to this court at its proper address—was not until July 24, 2023. (*See generally* Dkt. No. 30, at 8–9; Dkt. No. 30-1 (showing that Fourth Circuit returned it to him on June 27, 2023); Dkt. No. 30-2 (Foltz's letter explaining his prior attempts at mailing, including a mailing to this court that was to the wrong address and a mailing to the Fourth Circuit, and stating that he is sending to this court a "copy of the motion as originally sent").) Indeed, it was received by this court on July 28, 2023. Nonetheless, even using the earliest possible date, it is still untimely.

Foltz does not identify any facts nor present any argument that any other portion of subsection (f) should apply.  (*See generally* Mot. § 2255.)  Consequently, the alternative accrual dates set forth in § 2255(f) do not apply, and Foltz's motion is statutorily untimely.  Foltz also does not argue for equitable tolling, nor does his motion provide any basis for the court to equitably toll the limitations period.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining the requirements for equitable tolling); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

Because his motion is untimely, it is subject to dismissal on that ground alone.

### C.  Foltz Validly Waived His Right To File His § 2255 Motion.

Even if it were timely, Foltz waived his right to file a § 2255 motion, and he does not challenge the validity of his written plea agreement or of his plea.  He was questioned thoroughly to ensure that his plea was knowing and voluntary, and he was questioned specifically about his waiver of waiver of § 2255 rights.  The transcript of the hearing shows that his guilty plea was both knowing and voluntary.  (*See generally* Plea Hr'g Tr.)  Such waivers are enforceable, and he has asserted nothing in his motion to call his valid waiver into question.  *See generally United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005) (holding that a defendant may waive his right to collaterally attack his sentence as part of a knowing and voluntary guilty plea).  Thus, Foltz's motion is barred on this ground, as well.

### D.  Foltz's Claim Fails on Its Merits.

Even if Foltz's claim had been raised in a timely motion and were not procedurally defaulted, it fails on its merits.  He argues that *Ruan v. United States*, 597 U.S. 450 (2022), somehow changed the mens rea of his offense such that the facts to which he pled guilty no

longer suffice to show guilt.  In particular, he points to the fake travel documents as showing that he did not have a knowing intent to travel anywhere.  As the United States notes, *Ruan* was a prosecution under 21 U.S.C. § 841, a different statute, and it did not address scienter in any way relevant here.  There, the Supreme Court discussed the scienter requirement of "knowingly and intentionally" only insofar as it applied to the "except as authorized" clause in § 841.  In particular, the court held that where a defendant met his burden of production to show that his conduct was "authorized," the United States bore the burden of proving beyond a reasonable doubt that the defendant knowingly and intentionally acted in an unauthorized manner.  *Id.* at 457.  That has no bearing on this case.

Furthermore, the facts to which Foltz stipulated—which included that he believed he was communicating with a 13-year-old girl, having sexually explicit conversations with her, and that he made plans with the girl to drive her from Virginia to his home in Ohio—are sufficient to support his conviction under 2422(a), and nothing in *Ruan* changes that result.[3]

\* \* \*

For all of the foregoing reasons, the court will deny Foltz's § 2255 motion.

## E.  Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability.  *See* Fed. R. Gov. § 2255 Proc. 11(a).  A certificate of appealability

---

[3] Foltz's claim fails for the additional reason that it is procedurally defaulted, and Foltz has not shown good cause for a failure to raise it on appeal.  Specifically, an issue can only be raised in a § 2255 motion if it has not been procedurally defaulted, and such default occurs when a claim could have been raised on direct appeal and was not.  *Massaro v. United States*, 538 U.S. 500, 504 (2003) (stating the general rule that "claims not raised on direct appeal may not be raised on collateral review").  Claims that have been procedurally defaulted can only be raised "when a habeas applicant can demonstrate cause and prejudice, or actual innocence." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010).  Foltz has not presented any cause for his failure to appeal or raise this issue on appeal.  Nor has he claimed or demonstrated actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (emphasizing that "tenable actual-innocence gateway pleas are rare").  For the reasons discussed in the text, Foltz's *Ruan* claim fails; thus, he cannot establish actual innocence.

may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When, as here, a district court dismisses a 2255 motion on procedural grounds, a certificate of appealability will not issue unless the movant can demonstrate both that (1) jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court declines to issue a certificate of appealability because Foltz has not demonstrated that reasonable jurists would find it debatable that the court was correct in its procedural rulings. Put differently, reasonable jurists would not debate both that his motion is time-barred and that he validly waived his right to file the claims raised in his motion. The court further finds that jurists or reason would not debate that his motion does not state a valid claim of the denial of a constitutional right.

### III. CONCLUSION

For these reasons, the court will deny Foltz's § 2255 motion and decline to issue a certificate of appealability. The court will issue an appropriate order.

Entered: January 7, 2025.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge